# Thompson *versus* Franks.

*What Interest will exclude Witness.—Right of Parties to offer Evidence.*

1. An agreement by one member of a firm to indemnify an officer in selling property, which had been levied on for a partnership debt, will not, *per se*, render the other partner incompetent as a witness for the officer, in a suit brought against him by one who claimed to be the owner of the property sold: the contract of indemnity being outside of the legitimate business of the firm is not binding on the other partner without his assent.

2. Each of the parties to an action, having a right to adopt his own theory in regard to the matters in controversy, is entitled to submit to the consideration of the jury all such legal evidence as will, in his opinion, sustain his own or discredit or destroy that of the other party.

3. It is not error to charge the jury that, if the testimony of a particular

witness be believed by them, their verdict must be rendered in favour of the party whose theory has been sustained by it, provided none of the other testimony in the cause be withdrawn by the court from their consideration, and the case is submitted as the parties have presented it.

ERROR to the Common Pleas of *Fayette county*.

This was an action of trespass brought by Joseph Thompson against Michael Franks, constable, for levying on and selling a lot of "rye in the straw," as the property of Jesse Recknor, which the plaintiff claimed to have purchased from said Recknor, sometime previous to the levy.

Isaac Franks and Isaac K. Franks as partners, obtained a judgment against Jesse Recknor, on the 6th of March 1856, and placed an execution in the hands of Michael Franks, the defendant, who levied on some unthrashed rye, which the plaintiff declared had been sold to him by Recknor. The constable, being indemnified by Isaac K. Franks, proceeded to sell the property, whereupon this action was brought.

On the trial, the defendant offered Isaac Franks as a witness, who, on his *voir dire*, said that he was a member of the firm of Franks & Franks, under whose execution the property in controversy was sold, and that he did not agree to indemnify the constable, that being the act of his partner alone. The plaintiff objected to the witness as interested, but the court overruled the objection, and admitted the witness. The defendant then called John Schnatterly to prove the declarations of Jesse Recknor, made after the alleged sale to plaintiff. This was objected to as hearsay evidence, but the court overruled the objection, and admitted the testimony.

The testimony of Franks and Schnatterly was to the effect that both Thompson and Recknor had admitted that the rye in controversy was to be thrashed by Recknor, and delivered in the bushel.

The court (GILMORE, P. J.) charged the jury, "that, if the testimony of Isaac Franks was believed, there was no such delivery to Thompson as would make the sale complete." The verdict was in favour of the defendant. The plaintiff then removed the case into this court, and assigned for error:—1. The court erred in admitting the testimony of Isaac Franks.

2. The court erred in admitting the testimony of John Schnatterly, which was as follows: "Recknor said to me and Franks that he had come to thrash the rye; that he was to thrash and deliver it in the bushel."

3. The court erred in charging the jury, "that, if the evidence of Isaac Franks was believed, there was no such delivery as would make the sale complete."

4. The court erred in not bringing to the notice of the jury the evidence of William Ritenour, and other witnesses, on the

[Thompson v. Franks.]

part of plaintiff, whose testimony tended to prove an absolute and unconditional sale, and delivery of the property.

*A. Patterson*, for plaintiff in error.

*J. B. & A. Howell*, for defendant in error.

The opinion of the court was delivered, November 29th 1860, by

THOMPSON, J.—The exception to the admission of Isaac Franks as a witness for the defendant is without merit. He did not indemnify the constable in selling the property, and his relation of partner in business to his brother, who did indemnify him, did not *per se* render him responsible to contribute in the event of the liability of his copartner on his indemnity. That was not the business of the firm, and one partner could not bind it to liabilities outside of its legitimate business ; hence the contract of indemnity did not bind the firm, its assent not having been shown, and the witness was in no way interested. The fact that he was one of the firm on whose execution the indemnity was given, has no effect on the case whatever. This did not bind him to indemnify, and without it he would not be answerable for the trespasses of the officer in executing his writ any more than for the writ of any other party.

Were the declarations of Recknor, the admission of which forms the second bill of exceptions, admissible ? The plaintiff claimed that the rye was sold and delivered to him in bulk. This was his theory of the case ; and if it had stood unimpeached and unquestioned, the declarations would not have been admissible. But the defendant had also a theory based upon evidence, and that was that the sale of the rye was to be by the bushel, and that Recknor was to thrash and deliver it in the bushel. Now it is too well settled for dispute that if this were so, the sale was not complete until a delivery according to contract, and that the property remained in the vendor until whatever was necessary to be done to ascertain the amount and value was actually done and completed : 6 W. & S. 367 ; 3 Barr 50 ; 1 Casey 208 ; 7 Id. 130. The payment of money in advance of this did not alter the law : Nesbit *v.* Berry, 1 Casey, *sup.* This being the rule, the presence of Recknor on the ground declaring that he had come to thrash the grain, that he was to thrash and deliver it in the bushel to Thompson, were *res gestæ*, and as such admissible. It was the very thing the plaintiff said he was to do, if the witness was believed. It was a declaration and an act in and about the bargain, and on the defendant's theory necessary to the completion of the contract ; and, following the testimony already received, he was entitled to it. Each party had his theory of the transaction, and each had a right to prove his

[Thompson *v.* Franks.]

individual theory correct if possible, and was entitled to all legal evidence in support of it. The jury were to be the ultimate judges as to which was sustained by the evidence, and to find accordingly. If this were not so, one phase of a transaction would be a denial of any other possible one; "*audi alteram parte*" is a maxim of some consequence in the administration of justice. The defendant was entitled to the evidence, and there was no error in admitting it. It is not necessary to discuss the other ground upon which it was claimed to be evidence, as that occupied already is sufficient.

Nor do we see any error in the charge of the court. It was certainly true, if Franks testified honestly and was believed, the plaintiff was not entitled to recover, for his testimony would establish the defendant's hypothesis and necessarily destroy the plaintiff's. His testimony was to be measured by evidence on the other side in conflict with it. This is implied in submitting it to the test of the faith of the jury in it. The charge did not take away from their consideration a single thing that had been given in evidence which was calculated to impeach it. It stood, under this charge, confronted by every adversary in the field, and it was put to the test of overcoming them all. This was all the plaintiff could ask, and all the court ought to have done to make it occupy the position it did before the jury.

The complaint that other evidence in the case was not presented to the view of the jury by the judge is denied by the defendant in error; but we take it that it was so, as the charge appears to be so. But omissions to charge in any particular way, in the absence of a request to do so, is not error. We have said this very often recently.

Judgment affirmed.